UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE LINTON,

                Plaintiff,

              -v.-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, *et al.*,

                Defendants.

18 Civ. 4204 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

      On April 22, 2020, the Court entered an Order to Show Cause, detailing Plaintiff's history of repeated failures to prosecute this action, and Plaintiff's most recent failure to participate in discovery and to abide by the Court's March 13, 2020 Order compelling Plaintiff to provide responses to Defendants' discovery requests. (Dkt. #46). The Court ordered Plaintiff to show cause on or before May 22, 2020, as to why this matter should not be dismissed for failure to prosecute and failure to abide by Court orders. (*Id.*). Since that time Plaintiff has failed to take any steps to abide by his discovery obligations. Nor has Plaintiff filed any letter with the Court attempting to show cause as to why this matter should not be dismissed for failure to prosecute and failure to abide by Court orders. Based on Plaintiff's failure to respond to the Court's Order to show cause and consistent failure to participate in this case, the Court understands that Plaintiff does not intend to proceed with this case.

      "Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence* v. *Curry Shack, Corp.*, No. 17 Civ. 10250 (JGK), 2019

WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons* v. *Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)).  Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann* v. *Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

    The Court finds that as "Plaintiff has made no effort to comply with the Court's Orders or to prosecute this case, it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." *Antonio* v. *Beckford*, No. 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006).  Given the lack of participation by Plaintiff, the Court does not believe that a sanction other than dismissal would be effective.  However, under these circumstances, the Court finds that dismissal without prejudice is an appropriate sanction which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso* v. *Cty. of Suffolk*, No. 08 Civ. 826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).  Accordingly, this action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

    The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: June 1, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*

Jermaine Linton
9520 Seaview Court
Brooklyn, NY 11236

3